UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SCHMIDT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00941-WWE |
| | : | |
| GENERAL ELECTRIC COMPANY *et al*, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Defendant Aurora Pump Company ("Aurora") has moved to dismiss the Third Count of plaintiff's complaint, which alleges reckless conduct and seeks punitive damages based upon plaintiff's exposure to defendants' asbestos containing products. For the following reasons, defendant's motion will be denied.

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Aurora argues that plaintiff's Third Count should be dismissed for failure to assert specific allegations of recklessness. However, plaintiff alleges that defendants manufactured, distributed, sold, or otherwise placed into the stream of commerce products which contained asbestos. Plaintiff further alleges that defendants intentionally and fraudulently concealed the dangers of breathing asbestos from plaintiff and the public. Aurora responds that these allegations are "nothing more than allegations of negligence," and that plaintiff's complaint lacks allegations setting out "highly unreasonable conduct" giving rise to a valid recklessness claim.

Under similar circumstance, in case involving New York law, which employs a comparable recklessness standard,[1] the Second Circuit approved an award of punitive damages:

> A review of the evidence shows that the award of punitive damages was supported by the evidence as a matter of law. Plaintiff produced evidence at trial through expert witnesses, medical reports and documents from which the jury could reasonably conclude that appellants acted in a wanton or reckless manner. For example, plaintiff's expert witness testified that a link between asbestos and lung cancer was suspected as early as 1930 and that this link was considered to be probable shortly after 1940. Another expert witness stated in his deposition that by 1942 there were enough cases of the association between lung cancer and asbestos to include this information in a medical textbook on occupational cancer. A former employee of Owens–Illinois testified that workers at a New Jersey plant, including plant executives, wore respirators in the areas of loose raw material including asbestos. The jury was free to conclude from this and other evidence presented that appellants knew of the dangers of asbestos and did not adequately protect or warn users of asbestos, thereby acting in a wanton or reckless manner.

Johnson v. Celotex Corp., 899 F. 2d 1281, 1288 (2d Cir. 1990).

Imputed knowledge of the dangers of asbestos combined with inadequate protection of product users may be sufficient to subject a defendant manufacturer or distributor of asbestos

---

[1] Pursuant to New York law, "punitive damages may only be awarded if defendant's acts were, wanton and reckless or malicious." Marinaccio v. Town of Clarence, 986 N.E. 2d 903, 906 (N.Y. 2013).

containing products to punitive damages.  The Court finds that plaintiff's Third Count adequately alleges recklessness as a matter of law.  The plaintiff will, of course, be left to his proof of , *inter alia*, connecting his alleged exposure to asbestos with defendant's manufacture or distribution of contaminated products.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's Third Count is DENIED.


Dated this 3rd day of May, 2016, at Bridgeport, Connecticut.


    /s/Warren W. Eginton            
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE