UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELLIN GRENGER, as Executor of the | : | |
| Estate of JAMES SCHMIDT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:15-cv-00941-WWE |
| | : | |
| GENERAL ELECTRIC COMPANY, et al., | : | |
|     Defendants. | : | |

# MEMORANDUM OF DECISION ON
# DEFENDANT'S MOTION FOR RECONSIDERATION

This is a products liability action on behalf of decedent James Schmidt, who was allegedly exposed to defendants' asbestos containing products during the course of his various careers. Defendant CNH Industrial America LLC moved for summary judgment, arguing that plaintiff cannot offer any admissible evidence establishing that Mr. Schmidt was exposed to asbestos from any CNH product. The Court denied CNH's motion based on Schmidt's deposition testimony that he had worked on asbestos-containing bulldozers and excavators. The Court held that the issue of Mr. Schmidt's exposure to asbestos through Case-brand products is one for the jury.

CNH has moved for reconsideration of the Court's decision, arguing that Schmidt's testimony concerning the equipment at issue is inadmissible and that plaintiff lacks the expert evidence required to carry her burden of proof under the Connecticut Product Liability Act. Plaintiff declined to respond to CNH's motion for reconsideration. For the following reasons, CNH's motion for reconsideration will be granted.

CNH cites to Bagley v. Adel Wiggins Group, 327 Conn. 89, 101 (2017), for the proposition that Connecticut Product Liability Act claims require expert testimony to prove exposure at levels sufficient to cause asbestos-related disease, as such question goes beyond

1

the field of ordinary knowledge. See id. at 104 ("Because the plaintiff did not present such testimony, the trial court should have granted the defendant's motion for a directed verdict or its motion to set aside the verdict and for judgment notwithstanding the verdict.").

In the instant case, plaintiff's only evidence of exposure to asbestos through CNH products is Mr. Schmidt's lay testimony that he regularly replaced asbestos-containing parts on his heavy equipment. The Supreme Court of Connecticut analyzed similar cases where evidence of exposure to asbestos was insufficient without expert testimony. See Bagley, 327 Conn. at 104-05. The first was a case from Texas where "plaintiffs testified that, when they worked with the products, there was grinding and scraping occurring all of the time, and that those activities produced a thick dust." Bagley 327 Conn. at 104 (discussing In re R.O.C., 131 SW.3d 129, 131 (Tex. App. 2004)). The second, from the Eastern District of Pennsylvania, involved a "plaintiff, who had performed service and maintenance work on the subway cars, testified that he and others had cleaned the motors of the cars by blowing them out with an air hose, which caused a good deal of accumulated dust to float up around them." Bagley, 327 Conn. at 105 (discussing DiSantis v. Abex Corp. 1989 WL 150548, *1 (E.D. Pa. Dec. 8, 1989)). "In contrast, in cases in which courts have found sufficient evidence of exposure to asbestos fibers causing an asbestos related disease, there has been, in addition to testimony that there was visible dust attendant to the use of a defendant's product, expert testimony that the product, when used under conditions similar to those presented by the case, emitted respirable asbestos fibers." Bagley 327 Conn. at 106. Here, plaintiff lacks such expert evidence.

Without competent expert testimony, plaintiff will be unable to demonstrate that Mr. Schmidt's work with CNH equipment exposed him to harmful levels of asbestos. See Bagley at 108 ("Because the defendant did not concede this point and it is not a matter

2

within the common knowledge of lay jurors, the plaintiff was required to prove it with competent expert testimony."). Accordingly, summary judgment will be granted in favor of CNH.

## CONCLUSION

CNH's motion for reconsideration is GRANTED. Summary judgment is GRANTED in favor of CNH.

Dated this 1st day of July, 2019, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE